NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-390

DANETON DURRANT BLAKE

vs.

GEORGIA SIMONE BLAKE.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Daneton Blake (husband) filed a complaint for divorce from Georgia Blake (wife) alleging an irretrievable breakdown of the parties' marriage.  Following a trial, a judge of the Probate and Family Court issued a judgment of divorce nisi.  The husband now appeals, asserting the trial judge committed reversible error by (1) denying the husband's motion for a partial new trial; (2) dividing the marital assets in a manner that grossly disproportionately favored the wife; and (3) failing to permit the husband to introduce evidence regarding his contributions to the fair market value of the marital home.  We affirm.

_____

[1] As is our practice, we take the parties' names as they appear on the complaint.

Discussion. Following the divorce judgment, the husband filed a partial motion for a new trial on the issues of the valuation and division of the marital home.[2] In his motion, the husband specifically argued that the judge erred by preventing him from introducing the following evidence: (1) expert written valuation of the marital home; (2) certificates of compliance from 2014 detailing that renovations on the marital home complied with State regulations (certificates of compliance); (3) a letter from his brother stating that the brother has not been paid for renovations the brother performed on the marital home; (4) copies of the husband's weekly pay stubs; and (5) receipts from mortgage payments the husband previously made. In the husband's view, if this evidence was considered, it would have substantially altered the judgment.

Here, we see no abuse of discretion in the judge's denial of the husband's partial motion for a new trial. See Gath v. M/A-COM, Inc., 440 Mass. 482, 492 (2003) (judge's denial of motion for new trial reviewed for abuse of discretion). At the beginning of trial, the trial judge did not allow the husband to introduce the certificates of compliance into evidence because the documents did not comply with the pretrial order and were

---

[2] Although the parties never lived together at the property in question, we nevertheless refer to it, as the judge did, as the marital home.

2

not listed on the exhibit list.  The pretrial order limited the evidence that the parties could present in the case to the financial statements of the parties, wage records, and evidence of the value of the marital home.  Following his case in chief, and after calling the wife as a witness, the husband told the trial judge that he had evidence he wanted to submit.  The trial judge informed the husband that any evidence he wished to introduce must comply with the pretrial order but that if he wanted "to try to submit some evidence, I'm certainly willing to listen to you, sir.  Just provide Counsel with a copy of what it is, and we can make the determination based upon that."  The husband told the trial judge "I had the value of the property. I left it in the car."  He did not seek to introduce any other evidence throughout the remainder of the trial.  Accordingly, where the husband did not attempt to introduce the majority of the evidence he asserts should have been admitted, and the evidence he did seek to admit was outside the scope of the pretrial order, the judge did not abuse his discretion in denying the husband's partial motion for a new trial.  For these same reasons, and contrary to the husband's arguments, the trial judge did not prevent the husband from introducing evidence regarding his contributions to the value of the marital home.[3]

---

[3] While the husband also argues that the trial judge erroneously credited the wife's testimony as to the value of the

3

Finally, we disagree with the husband that the trial judge's division of assets, which primarily consisted of the equity in the marital home, grossly disproportionately favored the wife. In finding that the wife was entitled to eighty percent of the equity of the marital home, the trial judge noted that the wife credibly testified that she has paid for substantial renovations to the marital home resulting in a significant increase in its property value. The trial judge also found credible the wife's testimony that she has paid "all expenses associated with the property from 2014 through the date of trial." Conversely, the trial judge did not find the husband's financial statement to be credible and noted that the husband "did not offer any testimony as to what work was performed [on the property] by he and his brother." Therefore, given the lack of evidence provided by the husband pertaining to his contributions to the marital home, we find no reason to disturb the trial judge's assessment of the credibility of each party or his ultimate findings. Schecter v. Schecter, 88 Mass. App. Ct. 239, 245 (2015) ("the judge's assessment of the weight

---

marital home, the value that the wife testified to was the same value that the wife noted in her financial statement. Notably, the husband elected not to fill out the portion of his financial statement that prompted him to list the fair market value of the home, and he did not introduce any evidence at trial suggesting that the wife's testimony was erroneous.

4

of the evidence and the credibility of the witnesses is entitled to deference" [citation omitted]).

Judgment affirmed.

Order denying partial motion for a new trial affirmed.

By the Court (Desmond, Grant & Hodgens, JJ.[4]),

Clerk

Entered: April 7, 2025.

---

[4] The panelists are listed in order of seniority.